1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF MERCED, | Case No. 1:92-cv-05627-NONE-SAB |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE STATUS REPORT |
| v. | |
| R A FIELDS INC., et al., | **DEADLINE: FEBRUARY 16, 2024** |
| Defendants. | |

Plaintiff City of Merced ("Plaintiff") initiated this action on September 15, 1992, for recovery of costs of remediation and removal of ground water contamination. (ECF No. 1.)  On April 27, 2000, an injunction was entered by then-assigned District Judge Robert E. Coyle ordering Plaintiff to implement a cleanup program.  (ECF No. 1513.)  Therein, Plaintiff was ordered to submit progress reports with respect to the cleanup on a quarterly basis.  (Id.)

On January 29, 2009, then-assigned District Judge Lawrence J. O'Neill required Plaintiff "to file a status report no later than January 20, 2010, and every 12 months thereafter until this action is resolved." (ECF No. 1797.)  Since the January 10, 2010 order, Plaintiff has filed a status report annually; however, there has been no consistency on the date in which it is filed. (Compare ECF No. 1799 (status report filed on January 15, 2010) with ECF No. 1806 (status report filed on March 18, 2014).)

On March 2, 2017, Judge O'Neill issued a minute order noting that the annual status

report (ECF No. 1811), "like numerous ones before it, provides only the most basic information about the progress of cleanup and fails to estimate when the site closures required by this Court's Cleanup Injunction, entered April 27, 2000, more than sixteen years ago, are likely to occur." (ECF No. 1812.)  The parties were directed to file a supplemental status report which provided "specific information about the Parties' plans to bring this matter to a close and the timeframe within which they plan to do so."  (Id.)  Following the parties' supplemental briefing wherein Plaintiff estimated it make take an additional 10 to 20 years to clean up the remaining site, Judge O'Neill issued a minute order on March 2, 2017 noting that "[i]n light of the representation…that cleanup will take many additional years to complete, the parties are directed to resume the pre-existing status report schedule. This case shall remain CLOSED…."  (ECF No. 1815.)

Since 2017, Plaintiff has filed an annual status report on inconsistent dates in either January or February.  Plaintiff last filed a status report on February 2, 2023.  (ECF No. 1822 (noting it was Plaintiff's "46th report to the Court").)  The 2023 status report contained basic information and lacked an updated estimate regarding the remaining site closure, summarily stating "this Court will be advised of site closures to determine compliance and discharge of the injunction." (Id. at 3.)   Given it has been over one year since Plaintiff last filed a status report and five years since the Court was provided an updated timeframe within which the parties plan to bring this matter to a close, the Court shall order Plaintiff to file the required annual status report in compliance with the Court's January 20, 2009 order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file a status report **no later than February 16, 2024,** providing (1) the status of the remaining site closure; (2) specific information about the plans to bring this matter to a close; and (3) an updated timeframe within which the parties plan to bring this matter to a close.

IT IS SO ORDERED.

Dated:   **February 6, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

2